[Civ. No. 49517. Second Dist.. Div. Four. Sept. 8. 1977.]

HART FEDERATION OF TEACHERS, LOCAL 1922,
AFL-CIO et al., Plaintiffs and Appellants, v.
WILLIAM S. HART UNION HIGH SCHOOL DISTRICT et al.,
Defendants and Appellants.

**COUNSEL**

Levy, Koszdin, Goldschmid & Sroloff, Levy, Koszdin & Woods and Henry R. Fenton for Plaintiffs and Appellants.

John H. Larson, County Counsel, and Donovan M. Main, Deputy County Counsel, for Defendants and Appellants.

**OPINION**

KINGSLEY, J.—Petitioner, a duly organized association of teachers, brought the present proceeding, in mandate, on behalf of four teachers employed by respondent board. After a trial, the court issued a peremptory writ of mandate, granting in part, but denying in part, the relief sought. Petitioner has appealed from the judgment insofar as it denied it full relief; the respondents have cross-appealed from the judgment insofar as it granted any relief.

The four teachers are all duly certified teachers. They were hired by the district specifically to teach classes given by the district at Wayside Honor Rancho, under a contract between the district and the Sheriff of Los Angeles County calling for the district to conduct such classes by teaching personnel employed by the district. Although the teachers taught the same subjects as were offered by the district to pupils enrolled in the district's regular school programs, and although they taught, in each school year herein involved, more days and more hours per day than teachers in the regular programs, the four teachers were paid, not on a straight salary basis but on an hourly basis, resulting in payments to them substantially less than teachers in the regular program received for teaching the same subjects but in excess of the minimum compensation provided for by former section 13525 of the Education Code. The contentions made on behalf of the four teachers are: (1) that they are entitled to be paid, for each year employed, compensation equal to that paid to the regular teachers; and (2) that they have, by reason of their employment, attained the status of probationary employees, entitled to certain statutory procedures of notice and hearing before their employment could be terminated. The trial court ruled for the teachers on the issue of probationary status—i.e., that Dudley and Lindsay were unlawfully terminated "in violation of [former] sections 13433 and

13447" of the Education Code; but it ruled against them on the issue of pay.

I

Although there are some factual differences between the four teachers in relation to both issues, those differences are not, in the present status of the case, important to the legal issues which we must decide.

(1) The fact that two of the teachers—Beam and Lindsay—executed formal written contracts, calling for the hourly wage, does not bar them from the position herein advanced. █ The statutory provisions in the Education Code, governing the rights of teachers, are an expression of public policy; they cannot be bargained away either expressly or impliedly. (Ed. Code, § 13338.1; *Balen* v. *Peralta Junior College Dist.* (1974) 11 Cal.3d 821 [114 Cal.Rptr. 589, 523 P.2d 629]; *Campbell* v. *Graham-Armstrong* (1973) 9 Cal.3d 482 [107 Cal.Rptr. 777, 509 P.2d 689]; *Vittal* v. *Long Beach Unified Sch. Dist.* (1970) 8 Cal.App.3d 112 [87 Cal.Rptr. 319].)

(2) Two of the teachers—Lindsay and Dudley—were terminated at the end of the 1974-1975 school year, without a hearing, and before the present action was filed; the other two teachers—Beam and Kill—were employed during the 1975-1976 year.

II

At the time each of the teachers was hired by the district, section 13329 of the Education Code read as follows:

"Service by a person as an instructor in classes conducted under contract with public or private agencies shall not be included in computing the service required as a prerequisite to attainment of, or eligibility to, classification as a permanent employee of a school district.

"This section shall not be construed to apply to any regularly credentialed teacher who has been employed to teach in the regular education programs of the school district as a probationary employee before being subsequently assigned to any one of these programs."

Section 13334 of the Education Code provides:

"Governing boards of school districts shall classify as probationary employees, those persons employed in positions requiring certification

qualifications for the school year, who have not been classified as permanent employees or as substitute employees."

█ The effect of that provision was to make the status of probationary teacher a "catch-all" status for every teacher not classified as permanent or as substitute. (*Coffey* v. *Governing Bd. of S.F. Community College Dist.* (1977) 66 Cal.App.3d 279, 283 [135 Cal.Rptr. 881].) Respondent district never, so far as the record before us shows, made *any* "classification" of those four teachers. It follows that these teachers should have been treated as probationary teachers, with the procedural rights in case of termination applicable under sections 13433 and 13447 to probationary teachers.

The 1973 amendment of section 13329, reads as follows:

"The governing board of any school district may employ persons possessing an appropriate credential as instructors in classes conducted under contract with public or private agencies, or other categorically funded projects of indeterminate duration. The terms and conditions under which such persons are employed shall be mutually agreed upon by the employee and the governing board and such agreement shall be reduced to writing. Service pursuant to this section shall not be included in computing the service required as a prerequisite to attainment of, or eligibility to, classification as a permanent employee of a school district unless (1) such person has served pursuant to this section, for at least 75 percent of the number of days the regular schools of the district by which he is employed are maintained, and (2) such person is subsequently employed as a probationary employee in a position requiring certification qualifications. Such persons may be employed for periods which are less than a full school year and may be terminated at the expiration of the contract or specially funded project without regard to other requirements of this code respecting the termination of probationary or permanent employees.

"This section shall not be construed to apply to any regularly credentialed teacher who has been employed to teach in the regular educational programs of the school district as a probationary employee before being subsequently assigned to any one of these programs."

█ Section 13329, as so amended in 1973, made it clear that a 13329 instructor could be discharged without compliance with sections 13433

and 13447 in two cases only. The implication is that, at least since the effective date of the 1973 amendment, a section 13329 teacher is entitled to the procedural rights provided in former sections 13433 and 13447 unless the discharge is for one of the two reasons excepted in 13329, i.e., expiration of the contract with an outside agency, or expiration of the specifically funded project. Accordingly, we affirm so much of the judgment as granted relief concerning the status of these teachers as probationary teachers.

The petition filed in the trial court asked that these teachers be given "all the rights and privileges of a permanent employee." The opening brief seeks credit toward permanent status commencing with the 1974-1975 school year. The "unless" clause of the 1973 amendment entitled them to the latter relief. The judgment should be modified to allow credit toward permanent status starting with the 1974-1975 school year.

## III

In support of the contention that the four teachers are entitled to be paid an annual salary equal to that paid to teachers in the regular classes, petitioners rely on former section 13506 of the Education Code and on cases construing that section. The argument ignores the express language of section 13506. That section reads as follows:

"Effective July 1, 1970, each person employed by a district in a position requiring certification qualifications except a person employed in a position requiring administrative or supervisory credentials, shall be classified on the salary schedule on the basis of uniform allowance for years of training and years of experience. Employees shall not be placed in different classifications on the schedule, nor paid different salaries, solely on the basis of the respective grade levels in which such employees serve.

"In no case shall the governing board of a school district draw orders for the salary of any teacher in violation of this section, nor shall any superintendent draw any requisition for the salary of any teacher in violation thereof.

"This section shall not apply to teachers of special day and evening classes in elementary schools, teachers of special classes for elementary

pupils, teachers of special day and evening high school classes, substitute teachers, and junior college districts." The trial court expressly found: "The weight of the evidence establishes that there are substantial differences between the classes taught at Wayside and the regular schools of the district." Common sense tells us that that must be so; although given the same subject matter title, a class taught to regular grade and high school students cannot be taught in the same manner to adult prisoners in a county jail setting. Both the trial court's holding and the facts of life, show that the classes which these four teachers were hired to teach were "special" classes within the meaning of the last paragraph of section 13506.

Paragraph (1) of the judgment is modified to read as follows: "that petitioners Charles Beam, Michael Kill, Michael Lindsay and Thomas Dudley be treated in all respects as probationary employees of the respondent district and that they be given credit toward permanent status for their services as instructors at the Wayside Honor Rancho beginning in the 1974-1975 school year." As so modified, the judgment is affirmed. Petitioners shall recover their costs on this appeal.

Files, P. J., and Dunn, J., concurred.

A petition for a rehearing was denied October 7, 1977, and the petitions of all the parties for a hearing by the Supreme Court were denied November 17, 1977. Manuel, J., was of the opinion that the petitions should be granted.