[No. B026074. Second Dist., Div. One. Oct. 2, 1987.]

CALIFORNIA TEACHERS ASSOCIATION et al., Plaintiffs and Respondents, v.
GOVERNING BOARD OF GARVEY SCHOOL DISTRICT et al., Defendants and Appellants.

COUNSEL

Patricia D. Barrett for Plaintiffs and Respondents.

Charles R. Gustafson, Kirsten L. Zerger and Rosalind D. Wolf for Plaintiffs and Respondents.

OPINION

HANSON (Thaxton), J.—

### INTRODUCTION

The respondents in the trial court, the Governing Board of Garvey School District and District Superintendent Andrew J. Viscovich ("respondents"), appeal the trial court's judgment granting a peremptory writ of mandate commanding them to reinstate Dean Grelling as a certified employee of Garvey School District.

On December 15, 1983, petitioners California Teachers Association and Garvey Education Association ("petitioners") filed a complaint for an injunction, declaratory relief, and petition for writ of mandate. Having granted the motion for a peremptory writ of mandate, the trial court's notice of

ruling, filed November 24, 1986, stated that respondents had failed to perform their legal duties, and had abused their discretion. The trial court ordered Grelling reinstated as a probationary employee as of September 12, 1983, together with back pay from that date less the amount of salary earned in mitigation.

The judgment granting a peremptory writ of mandate was filed on December 9, 1986. Petitioners filed a Notice of Entry of Judgment on December 24, 1986, and served a copy of that document upon respondents by mail on December 23, 1986. Respondents filed a timely notice of appeal on February 19, 1987.

## FACTS

Petitioners are certified as exclusive representatives of the unit of certified employees, including teachers, in the Garvey School District. Respondents are that district's governing board and its superintendent, who is also secretary to the governing board. Though petitioners originally filed the petition on behalf of several employees hired on a temporary basis, by the time of the hearing only the status of Dean Grelling remained at issue.

Pursuant to a written "Contract of Temporary Employment," respondent district employed Grelling as a teacher from February 9, 1982, to June 18, 1982. A satisfactory written performance rating on March 12, 1982, indicated his employee status as "probationary." On August 31, 1982, he received a letter from the superintendant reminding him of the first duty day of the coming academic year. He again taught as a certified employee during the 1982-1983 school year. A satisfactory written performance rating again indicated his probationary status.

On March 17, 1983, Grelling inquired at the district administrative office as to why he had not received a written employment contract for the 1982-1983 academic year. The district presented him with a "Contract of Temporary Employment" for that year, backdated to September 9, 1982, and asked him to sign it. Grelling contacted representatives of the petitioners Garvey Education Association and the California Teachers Association, and followed their advice not to sign the contract because his correct status was probationary.

On September 6, 1983, Grelling again received a letter from the superintendent reminding him of his first duty day for the coming 1983-1984 school year. When he reported for work on September 12, 1983, however, the principal informed him that he had no job and told him to report to the

district's administrative office. Assistant Superintendent William G. Nance told him the September 6 letter resulted from a computer error, and that the district would not employ him for the 1983-1984 school year. The district has not offered Grelling employment since that time. He has sought employment with several other school districts, securing only sporadic employment as a substitute teacher.

Grelling was the only employee who received the advice not to sign the temporary employment contract, and the only employee to refuse to sign a temporary contract for 1982-1983. Although it claimed that no position existed which Grelling could fill, during the 1983-1984 school year the district employed a new employee to fill a position for which Grelling was qualified. The new employee worked under an emergency credential.

Discussions between petitioners and respondents resulted in the district according other temporary employees in 1982-1983 a status of probationary or permanent employment, with exception of Dean Grelling. Grelling has 12 years of experience teaching biological and physical science courses in junior and senior high schools and college. Since 1970, he has had the California credentials to teach both those science courses. He also has over three years' experience teaching mathematics.

The petitioners' complaint contained three causes of action. First, it alleged that respondents wrongfully denied proper employment status to teachers who were hired as temporary employees, properly entitled to probationary status (based on Ed. Code, §§ 44917, 44919, 44920, and 44921) and who were not informed of their employment status when initially hired, as required by Education Code section 44916. The first cause of action further alleged that respondents, by refusing to employ Grelling during the 1983-1984 school year, violated his rights as a probationary employee and violated his rights to reemployment as a temporary or substitute employee pursuant to Education Code section 44918. The complaint requested a preliminary and permanent injunction enjoining defendants to accord affected employees their proper employment status from the date when respondents should have first done so, plus salary, benefits, and interest from that date.

Second, the complaint requested a judicial determination of the affected employees' respective rights and duties, and their employment status, salary, and benefits.

Third, the complaint alleged that respondents unreasonably, capriciously, and in prejudicial abuse of their discretion refused to accord the affected

employees their proper employment status. It requested issuance of a peremptory writ of mandate commanding respondents to accord affected employees their proper employment status from the date respondents should have first done so, together with salary and benefits and interest.

## ISSUES

On appeal, respondents claim that: 1. Grelling was properly classified as a temporary teacher for the 1981-1982 and 1982-1983 school years; 2. Because petitioners were guilty of laches, the trial court should have denied the petition for writ of mandate; 3. Respondents' failure to rehire Grelling in September 1983 was not unlawful; and that 4. The trial court abused its discretion in granting the writ of mandate to reinstate Grelling as a probationary employee.

## DISCUSSION

### I.

█ Respondents initially claim that the district properly classified Grelling as a temporary teacher for the 1981-1982 and 1982-1983 school years, and had no duty to employ him as a probationary teacher. Therefore, respondents conclude, the trial court improperly issued a peremptory writ mandating such employment.

█ Education Code section 44920 states in part that "a school district may employ as a teacher, for a complete school year, but not less than one semester during a school year unless the date of rendering first paid service begins during the second semester and prior to March 15th, any person holding appropriate certification documents, and may classify such person as a temporary employee. . . . [¶] Any person employed for one complete school year as a temporary employee shall, if reemployed for the following school year in a vacant position requiring certification qualifications, be classified by the governing board as a probationary employee and the previous year's employment as a temporary employee shall be deemed one year's employment as a probationary employee for purposes of acquiring permanent status."

Thus a person employed as a temporary employee for a complete school year shall, if rehired the following year, be classified as a probationary employee. Grelling, however, was initially hired for less than a semester in the 1981-1982 school year, and was rehired for the full 1982-1983 school year. The statutory scheme appears to make no provision for classifying a

temporary employee hired for less than a school year who is then rehired for the entire following school year.

▅▅ *Hart Federation of Teachers* v. *William S. Hart Union High Sch. Dist.* (1977) 73 Cal.App.3d 211 [141 Cal.Rptr. 817] construed Education Code section 44915 (then numbered 13334) to classify as "probationary" those teachers not classified as either "substitute" or "permanent." (*Id.,* at p. 215.) As occurred in *Hart,* the respondent district in the case at bench appears to have made no classification of Grelling at the time the statute requires it to have done so. Education Code 44916 states that "[t]he classification shall be made at the time of employment and thereafter in the month of July of each school year. At the time of initial employment during each academic year, each new certificated employee of the school district shall receive a written statement indicating his employment status and the salary that he is to be paid. If a school district hires a certificated person as a temporary employee, the written statement shall clearly indicate the temporary nature of the employment and the length of time for which the person is being employed. *If a written statement does not indicate the temporary nature of the employment, the certificated employee shall be deemed to be a probationary employee of the school district, unless employed with permanent status.*" (Italics added.)

Although Grelling signed a "Contract of Temporary Employment" on February 16, 1982, for the period February 9, 1982, through June 18, 1982, he did not receive a written statement concerning his classification as a temporary employee in July 1982, or when he began teaching at the beginning of the 1982-1983 school year. His "Teacher-Administrator Evaluation Conference" form of March 10, 1983, indicates his status to be "probationary."

By providing no written statement of the temporary nature of employment at the beginning of employment for the 1982-1983 school year, respondent district's noncompliance triggered the statutory remedy: "the certificated employee shall be deemed to be a probationary employee of the school district. . . ." (Ed. Code, § 44916.)

*Balen* v. *Peralta Junior College Dist.* (1974) 11 Cal.3d 821, 827-828 [114 Cal.Rptr. 589, 523 P.2d 629], stated, "the Education Code require[s] that a teacher hired for a full year [§ 44915], or whose duties continued past the first three school months [§ 44919, subd. (a) and § 44954] be classified probationary, unless designated permanent or substitute."[1] (*Id.,* at pp. 827-

---

[1] Section 44919, subdivision (a), states: "(a) Governing boards of school districts shall classify as temporary employees those persons requiring certification qualifications, other than

828.) The *Balen* court concluded that "[b]ecause Balen worked for more than three months his first year, was hired thereafter for a full year, and was not considered a permanent or substitute teacher, he meets the statutory prerequisites for probationary employment." (*Id.,* at p. 828.)

The Legislature enacted section 13337.5 (now § 87482) in 1967, which modified this rule. But as of 1965, the Education Code required that a teacher hired for a full year, or whose duties continued past the first three months of a school term, be classified probationary, unless designated permanent or substitute. Although the subsequent enactment of section 13337.5 changed that requirement, it did not divest teachers of their previously acquired status. (*Id.,* at pp. 827, 828.) A fortiori, where the Legislature enacted no analogous statutory language analogous to section 13337.5 (now § 87482) in section 44920 applicable to grades K-12, the conclusion of the *Balen* court governs. The Legislature's failure to include language in section 44920 analogous to the fourth paragraph of 87482 permits the inference—*expressio unius est exclusio alterius*—that the Legislature deliberately intended not to modify section 44954 as to grades K through 12.

Respondent district cites *Haase* v. *San Diego Community College Dist.* (1980) 113 Cal.App.3d 913 [170 Cal.Rptr. 366]. In *Haase,* a community college district employed a part-time temporary certificated teacher for two full school years and part of a third. For the balance of the third school year, and for a fourth, fifth and sixth years, the district assigned the employee to a federal "categorically funded" program subject to Education Code section 13329 (§ 87470). During the latter part of the third school year, and for a fourth school year, the employee worked without a written contract. In two subsequent years, the teacher and the district signed written

substitute employees, who are employed to serve from day to day during the first three school months of any school term to teach temporary classes not to exist after the first three school months of any school term or to perform any other duties which do not last longer than the first three school months of any school term, or to teach in special day and evening classes for adults or in schools of migratory population for not more than four school months of any school term. If the classes or duties continue beyond the first three school months of any school term or four school months for special day and evening classes for adults, or schools for migratory population, the certificated employee, unless a permanent employee, shall be classified as a probationary employee. The school year may be divided into not more than two school terms for the purposes of this section."

Section 44954 states: "Governing boards of school districts may dismiss temporary employees requiring certification qualifications at the pleasure of the board. A temporary employee who is not dismissed during the first three school months, or in the case of migratory schools during the first four school months of the school term for which he was employed and who has not been classified as a permanent employee shall be deemed to have been classified as a probationary employee from the time his services as temporary employee commenced."

agreements. The district fired the teacher, after a warning, because of alleged unexcused absences. (*Id.,* at p. 920.)

The issue before *Haase* concerned not the teacher's initial classification as a temporary employee. Instead, the question concerned his reclassification when reassigned in his third school year to the federally funded program. *Haase* stated that Education Code section 13334 (now renumbered 87476 for community colleges, and analogous to section 44915 for school grades K through 12) dealt not with reclassification but with initial classification, citing *Peralta Federation of Teachers* v. *Peralta Community College Dist.* (1979) 24 Cal.3d 369, 382 [155 Cal.Rptr. 679, 595 P.2d 113]; cert. den. 444 U.S. 966 [62 L.Ed.2d 379, 100 S.Ct. 455]. (*Haase* v. *San Diego Community College Dist., supra,* 113 Cal.App.3d 913, 921.)

Like *Balen, Peralta* dealt with whether the fourth paragraph of section 13337.5 (§ 87482) affected the status of temporary employees of a community college district who worked less than 60 percent of full time, and who had been properly notified in writing specifying the temporary nature of their employment. Aside from these factual and other policy differences arising in the community college context, *Peralta* found that the fourth paragraph of section 13337.5 (now § 87482) operated independently of that section's first three paragraphs to deprive such employees of tenure rights. (*Peralta Federation of Teachers* v. *Peralta Community College Dist., supra,* 24 Cal.3d 369, 378-381.)

As we have pointed out, the analogous section applicable to grades K-12, section 44920, contains no fourth paragraph or other language similar to that of section 87482. Thus *Peralta,* which construed that language, neither governs nor provides an analogy applicable to the case at bench. Neither does *Haase,* which relied upon *Peralta,* and also dealt with the community college statutes.

■ "[F]or a writ of mandate to issue, two basic requirements are essential, namely, a clear, present and usually ministerial duty on the part of the defendant and a clear, present and beneficial right in plaintiff to performance of that duty." (*Taylor* v. *Board of Trustees* (1984) 36 Cal.3d 500, 507 [204 Cal.Rptr. 711, 683 P.2d 710].) ■ The statutory scheme and the evidence before the trial court satisfy these requirements, and therefore the trial court correctly ruled in granting the petition.

## II.

■ Respondents claim that the trial court should have denied the petition because of petitioner's laches. ■ The affirmative defense of

laches requires unreasonable delay in filing the petition, and resulting prejudice to the respondent. (*Peterson* v. *Superior Court* (1982) 31 Cal.3d 147, 163 [181 Cal.Rptr. 784, 642 P.2d 1305].)

■ Respondents argue that petitioners unreasonably delayed filing this action. Grelling received no written contract indicating his employment status in September 1982, as Education Code section 44916 required the district to provide. The district's March 10, 1983, written "teacher-administrator evaluation conference" classified Grelling as "probationary." The Garvey Education Association and California Teachers Association advised Grelling not to sign and return the "Contract of Temporary Employment" which respondent district had belatedly submitted for Grelling's signature in March 1983, having backdated it to September 13, 1982.

Though told in June 1983 that he would not be rehired for the following school year, Grelling nevertheless received a September 1, 1983, letter reminding him that September 12, 1983, was "the first required duty day for all certificated and classified staff members. . . ." When he reported for work, an assistant supervisor informed him that the September 12, 1983, letter had been sent him because of a computer error, and that he had no job. The petitioners filed the complaint three months later, on December 15, 1983. This evidence suggests no unreasonable delay in petitioners filing their action.

■ Respondents claim that petitioners' failure to raise the issue of his employment status before March 15, 1983, prejudiced the district by precluding it from giving notice of nonemployment. Respondent district cites only *American Federation of Teachers* v. *Board of Education* (1977) 77 Cal.App.3d 100 [143 Cal.Rptr. 264] to support this claim.

■ "Prejudice is never presumed; rather it must be affirmatively demonstrated by the defendant in order to sustain his burdens of proof and the production of evidence on the issue. [Citation.] Generally speaking, the existence of laches is a question of fact to be determined by the trial court in light of all of the applicable circumstances, and in the absence of manifest injustice or a lack of substantial support in the evidence its determination will be sustained." (*Miller* v. *Eisenhower Medical Center* (1980) 27 Cal.3d 614, 624 [166 Cal.Rptr. 826, 614 P.2d 258].)

In *American Federation of Teachers* the petitioner teacher was informed of the temporary nature of her employment, pursuant to Education Code section 13329 (excepting teachers of classes conducted under categorically funded projects from statutory tenure provisions). The petitioner teacher

agreed to those contractual terms. On March 10, 1976, she was given notice of termination at the end of the school year unless a specially funded reading program was continued. She filed a grievance on April 1, 1976, and after exhausting her administrative remedies, filed a petition for a writ of mandate on August 11, 1976. The trial court found prejudice to the respondent because the petitioner led the respondent district to believe, to its detriment, in the temporary nature of her employment as per her contract. (*Id.,* at pp. 103-104.)

The Court of Appeal affirmed the trial court's determination of laches. Petitioner, having entered into a written contract of temporary employment after having the implications of her status explained to her when she accepted the employment, incurred a duty to raise the issue of her employment status with the school district in a timely manner.

The opinion expressly relied upon the existence of a written contract, whose terms the petitioner understood and agreed to. "[R]espondent relied in good faith and to its detriment on [petitioner's] acceptance of the terms of her contract. She knew she was employed temporarily subject to the continued availability of the special funds. She knew that if those funds were not renewed for the next school year she could be terminated without receiving the regular probationary notice of dismissal. Yet she failed to object to her status as a temporary employee until almost six months later when respondent could not comply with the probationary notice requirements." (*Id.,* at p. 109.)

Aside from other factual differences, the primary distinction between *American Federation of Teachers* and the case at bench involves the respondent district's failure to offer and obtain a signed, written employment contract at the beginning of the 1982-1983 school year. Unlike *American Federation of Teachers,* no such contract secured Grelling's understanding and acceptance of those terms. This failure is consistent with the district's failure to administer its employment policies and procedures vis-à-vis Grelling both before and after his grievances became known.

Respondent district's claim on appeal to have relied to its detriment upon Grelling's apparent acceptance of a supposed contract of temporary employment therefore begs the question. It is the *absence* of such a written contract which permitted this ambiguity to arise, an ambiguity the district's subsequent inconsistencies and contradictory messages did nothing to dispel.

Substantial evidence supports the trial court's ruling against the affirmative defense of laches. (*City and County of San Francisco* v. *Pacello*

(1978) 85 Cal.App.3d 637, 644-645 [149 Cal.Rptr. 705]; *Vernon Fire Fighters Assn.* v. *City of Vernon* (1986) 178 Cal.App.3d 710, 718-719 [223 Cal.Rptr. 871].) We therefore affirm that ruling.

## III.

Respondents challenge the sufficiency of.the evidence supporting the trial court's finding that the district's motive in failing to rehire Grelling for the 1983-1984 school year was retaliation for Grelling's grievance the previous school year.

The trial court noted that the district hired a new teacher working on an emergency credential, at an annual salary of $5,000 less than that which Grelling would have received had the district employed him. This fact demonstrated that there was indeed a position for Grelling during the 1983-1984 school year. The trial court also cited the lack of credibility of the district's explanation that a letter telling Grelling to report to work, when in fact he was not to be reemployed, resulted from a computer error. The record further reflects that the district achieved a settlement with all the other teachers who participated in bringing the action, but has not settled with Grelling, the only employee to request a written contract in March 1983.

This court, in reviewing a record challenged for insufficient evidence to support the trial court's judgment, resolves conflicts in favor of the party prevailing below, and indulges all legitimate and reasonable inferences to uphold the judgment if possible. "[I]n examining the sufficiency of the evidence to support a questioned finding, an appellate court must accept as true all evidence tending to establish the correctness of the finding as made, taking into account, as well, all inferences which might reasonably have been thought by the trial court to lead to the same conclusion. Every substantial conflict in the testimony is . . . to be resolved in favor of the finding." (*Bancroft-Whitney Co.* v. *McHugh* (1913) 166 Cal. 140, 142 [134 P. 1157]; see also, on review of mandamus, *O'Toole* v. *Retirement Board* (1983) 139 Cal.App.3d 600, 602 [188 Cal.Rptr. 853], and *California School Employees Assn.* v. *Board of Trustees* (1983) 144 Cal.App.3d-392, 395 [192 Cal.Rptr. 633].)

We see no reason to disturb the trial court's finding, supported as it is by substantial evidence.

## IV.

The respondents finally claim on appeal that the trial court abused its discretion in granting the petition for a writ of mandate to

reinstate Grelling as a probationary employee. Respondents argue that the trial court's decision reinstating Grelling as a probationary employee as of September 12, 1983, had the legal effect of making him a permanent employee of the district as of September 1985, by the operation of Education Code section 44882, subdivision (b).[2]

The respondents again cite *Haase* v. *San Diego Community College Dist.,* *supra,* 113 Cal.App.3d 913, 926: "[W]hat are the consequences for the District's failure to comply with the writing requirement of [Education Code] section 13329[?] Is a full-time temporary employee reassigned to a categorically funded program pursuant to section 13329 without a written agreement, taken out of the application of the statute by operation of law and treated as a contract employee? We think not. Guided by the same considerations which govern our holding regarding implied 'sanctions' for a district's failure to reclassify pursuant to section 13335, we conclude the Legislature did not intend the 'sanctions' of either automatic reclassification to contract status of a previously employed temporary teacher under section 13329 or the elimination from that section of the restrictions regarding eligibility for more tenured service."

As we have pointed out, *supra,* several factual differences distinguish *Haase* from the case at bench. *Haase,* moreover, after the above-quoted statement, continues: "The Legislature's intent in failing to expressly set forth consequences once again permits the appropriate administrative tribunal or court to fashion an employee's remedy or district's 'sanction' consistent with the facts of the particular case including the establishment of prejudice to the employee in accordance with the stated purposes of the statutory scheme." (*Id.,* at p. 926.) The *Haase* court justified its refusal to "sanction" the district because the facts contained "no suggestion the oversight by the District was other than inadvertent." Moreover, the court justified its unwillingness to fashion an employee's remedy by saying that "nothing in this record . . . hints of prejudice to plaintiff." (*Id.,* at p. 926.)

---

[2] Education Code section 44882, subdivision (b) provides: "Every employee of a school district of any type or class having an average daily attendance of 250 or more who, after having been employed by the district for two complete consecutive school years in a position or positions requiring certification qualifications, is reelected for the next succeeding school year to a position requiring certification qualifications shall, at the commencement of the succeeding school year be classified as and become a permanent employee of the district. [¶] The governing board shall notify the employee, on or before March 15 of the employee's second complete consecutive school year of the employment by the district in a position or positions requiring certification qualifications, of the decision to reelect or not reelect the employee for the next succeeding school year to such a position. In the event that the governing board does not give notice pursuant to this section on or before March 15, the employee shall be deemed reelected for the next succeeding school year. [¶] This subdivision shall apply only to probationary employees whose probationary period commenced during the 1983-84 fiscal year or any fiscal year thereafter."

Where, as in the case at bench, the record does reflect prejudice to the plaintiff, and where, instead of inadvertent error, it reflects respondent employer's deliberate retaliation against an employee pursuing a grievance through his employee organization, *Haase* permits a court to fashion an employee's remedy or sanction the district.

■■ Barring insufficient evidence to support the judgment or an error of law, the trial court retains fundamental discretionary power to grant or to deny a petition for mandamus and the appellate court will not disturb the exercise of that discretion. ■■ "[T]he showing on appeal is wholly insufficient if it presents a state of facts, a consideration of which, for the purpose of judicial action, merely affords an opportunity for a difference of opinion. An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge. To be entitled to relief on appeal from the result of an alleged abuse of discretion it must clearly appear that the injury resulting from such a wrong is sufficiently grave to amount to a manifest miscarriage of justice. . . ." (*Brown* v. *Newby* (1940) 39 Cal.App.2d 615, 618 [103 P.2d 1018].) ■■ We find no abuse of discretion here.

### DISPOSITION

The trial court's judgment granting the motion for a writ of mandamus is affirmed.

Spencer, P. J., and Lucas, J., concurred.